## CALDER ET AL. *v.* EL REGISTRADOR DE LA PROPIEDAD.

RECURSO gubernativo contra nota del Registrador de la Propiedad de San Germán.

No. 79.—Resuelto en enero 10, 1911.

CONTRIBUCIÓN SOBRE HERENCIA—INSCRIPCIÓN DE PARTICIPACIÓN HEREDITARIA.—
En procedimientos testamentarios ocurridos al fallecimiento de Fernando Calder, padre del recurrente, se adjudicó á éste una parcela de terreno, y aprobadas las operaciones testamentarias, se presentó una copia de ellas al registro para la inscripción de la participación del recurrente, denegándola el registrador por no haberse justificado que los herederos de Enriqueta

Calder, heredera a su vez, de Fernando Calder, hubieran pagado la contribución correspondiente por razón del fallecimiento de dicha señora. *Se resolvió* que apareciendo satisfecha la contribución devengada en relación con la partición de la herencia del padre del recurrente, la participación de éste es inscribible, sin perjuicio de lo que proceda al solicitarse la inscripción de las operaciones referentes a la partición de la herencia de Enriqueta Calder.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Benito Forés.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

En los procedimientos testamentarios que tuvieron lugar con motivo de la muerte de Fernando Calder y Toro, padre del recurrente en este caso, entre otros bienes se le adjudicó una parcela de terreno en el barrio de la Tuna de San Germán, compuesta de veinte y cinco cuerdas, que se describe minuciosamente en la petición presentada en este caso. Estas operaciones testamentarias fueron aprobadas por la Corte de Distrito de Mayagüez con fecha 26 de agosto de 1910. Presentada una copia de dichas operaciones al registrador de la propiedad, para inscripción solamente de la participación correspondiente al recurrente, el registrador negó la inscripción porque no se había justificado que los herederos de Enriqueta Calder y Giménez hubieran pagado la contribución correspondiente por razón del fallecimiento de dicha señora, según exige el artículo 378 del Código Político.

Las contribuciones devengadas en relación con la partición de la herencia del padre del recurrente, o sea Fernando Calder, aparecen haberse satisfecho. Se deduce, sin embargo, que para que pudiera hacerse la declaración de herederos en la Corte de Distrito de Mayagüez, fué necesario que los herederos de Enriqueta Calder figuraran como partes en la misma. Enriqueta Calder era una de las herederas de Fernando Calder y murió después que él. Pero el recurrente no tiene relación alguna con la herencia de Enriqueta Calder, o con la contribución que sobre la misma deba satisfacerse. La objeción que pone el registrador, si es que hay alguna, puede surgir cuando se le presenten las operaciones practicadas con

motivo de la partición de la herencia de Enriqueta Calder. La nota denegatoria del registrador debe revocarse.

*Revocada.*

Jueces concurrentes: Sres. Presidente Hernández, y Asociados MacLeary y del Toro.